UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRANE MARIE HUNT, | No. 2:19-cv-00421-AC |
| Plaintiff, | |
| v. | ORDER |
| ANDREW SAUL, Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 401-34, and for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1381-1383f.[1]

For the reasons that follow, the court will GRANT plaintiff's motion for summary judgment, DENY the Commissioner's cross-motion for summary judgment, and remand this case for an immediate award of benefits.

---

[1] DIB is paid to disabled persons who have contributed to the Disability Insurance Program, and who suffer from a mental or physical disability. 42 U.S.C. § 423(a)(1); Bowen v. City of New York, 476 U.S. 467, 470 (1986). SSI is paid to financially needy disabled persons. 42 U.S.C. § 1382(a); Washington State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler, 537 U.S. 371, 375 (2003) ("Title XVI of the Act, § 1381 *et seq.*, is the Supplemental Security Income (SSI) scheme of benefits for aged, blind, or disabled individuals, including children, whose income and assets fall below specified levels . . .").

I.  PROCEDURAL BACKGROUND

Plaintiff filed applications for disability insurance benefits and for supplemental security income on April 1, 2015.  Administrative Record ("AR") 326-41.[2]  The disability onset date for both applications was alleged to be October 18, 2013.  Id.  The applications were disapproved initially and on reconsideration.  AR 202-17.  On September 8, 2017, ALJ Judith A. Kopec presided over the hearing on plaintiff's challenge to the disapprovals.  AR 34-71 (transcript).  Plaintiff appeared with her counsel, Omar Ortega, and testified at the hearing.  AR 36.  Vocational Expert Linda Ferra also testified.  Id.

On April 3, 2018, the ALJ issued an unfavorable decision, finding plaintiff "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d).  AR 14-25 (decision), 26-33 (exhibit list).  On January 9, 2019, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner of Social Security.  AR 1-5 (decision).

Plaintiff filed this action on March 7, 2019.  ECF No. 1; see 42 U.S.C. §§ 405(g), 1383c(3).  The parties consented to the jurisdiction of the magistrate judge.  ECF Nos. 6, 8.  The parties' cross-motions for summary judgment, based upon the Administrative Record filed by the Commissioner, have been fully briefed.  ECF Nos. 14 (plaintiff's summary judgment motion), 17 (Commissioner's summary judgment motion), 18 (plaintiff's reply).

II.  FACTUAL BACKGROUND

Plaintiff was born in 1970, and accordingly was 43 years old on the alleged disability onset date making her a "younger person" under the regulations.  AR 24, 72; see 20 C.F.R §§ 404.1563(c), 416.963(c) (same).  Plaintiff has at least a high school education, and can communicate in English.  Id.

III.  LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld "if it is supported by substantial evidence and if the Commissioner applied the correct legal standards." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1011 (9th Cir. 2003).  "'The findings of the

---

[2]  The AR is electronically filed at ECF Nos. 11-3 to 11-21 (AR 1 to AR 1180).

Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . ..'" Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995) (quoting 42 U.S.C. § 405(g)).

Substantial evidence is "more than a mere scintilla," but "may be less than a preponderance." Molina v. Astrue, 674 F.3d 1104, 1111 (9th Cir. 2012). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal quotation marks omitted). "While inferences from the record can constitute substantial evidence, only those 'reasonably drawn from the record' will suffice." Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006) (citation omitted).

Although this court cannot substitute its discretion for that of the Commissioner, the court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985) ("The court must consider both evidence that supports and evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific quantum of supporting evidence.").

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001), as amended on reh'g (Aug. 9, 2001). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). However, the court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007); Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) ("It was error for the district court to affirm the ALJ's credibility decision based on evidence that the ALJ did not discuss").

The court will not reverse the Commissioner's decision if it is based on harmless error, which exists only when it is "clear from the record that an ALJ's error was 'inconsequential to the ultimate nondisability determination.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 885 (9th Cir. 2006) (quoting Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006)); see

also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

## IV.  RELEVANT LAW

Disability Insurance Benefits and Supplemental Security Income are available for every eligible individual who is "disabled."  42 U.S.C. §§ 423(a)(1)(E) (DIB), 1381a (SSI).  Plaintiff is "disabled" if she is "'unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment . . ..'"  Bowen v. Yuckert, 482 U.S. 137, 140 (1987) (quoting identically worded provisions of 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)).

The Commissioner uses a five-step sequential evaluation process to determine whether an applicant is disabled and entitled to benefits.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); Barnhart v. Thomas, 540 U.S. 20, 24–25 (2003) (setting forth the "five-step sequential evaluation process to determine disability" under Title II and Title XVI).  The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is not disabled.  If not, proceed to step two.

20 C.F.R. §§ 404.1520(a)(4)(i), (b) and 416.920(a)(4)(i), (b).

> Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, the claimant is not disabled.

Id., §§ 404.1520(a)(4)(ii), (c) and 416.920(a)(4)(ii), (c).

> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is disabled.  If not, proceed to step four.

Id., §§ 404.1520(a)(4)(iii), (d) and 416.920(a)(4)(iii), (d).

> Step four: Does the claimant's residual functional capacity make him capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

Id., §§ 404.1520(a)(4)(iv), (e), (f) and 416.920(a)(4)(iv), (e), (f).

> Step five: Does the claimant have the residual functional capacity perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Id., §§ 404.1520(a)(4)(v), (g) and 416.920(a)(4)(v), (g).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. 20 C.F.R. §§ 404.1512(a) ("In general, you have to prove to us that you are blind or disabled"), 416.912(a) (same); Bowen, 482 U.S. at 146 n.5. However, "[a]t the fifth step of the sequential analysis, the burden shifts to the Commissioner to demonstrate that the claimant is not disabled and can engage in work that exists in significant numbers in the national economy." Hill v. Astrue, 698 F.3d 1153, 1161 (9th Cir. 2012); Bowen, 482 U.S. at 146 n.5.

## V.  THE ALJ's DECISION

The ALJ made the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2016.
>
> 2. [Step 1] The claimant has not engaged in substantial gainful activity since October 18, 2013, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*)
>
> 3. [Step 2] The claimant has the following severe impairments: obesity, migraine headaches, Sjogren's disease, undifferentiated connective tissue disease, depressive disorder, anxiety disorder, posttraumatic stress disorder, and sleep apnea (20 CFR 404.1520(c) and 416.920(c)).
>
> 4. [Step 3] The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).
>
> 5. [Preparation for Step 4] After careful consideration of the entire record, I find that the claimant has the residual functional capacity to lift, carry, push or pull 10 pounds frequently and 20 pounds occasionally. She can sit for 6 hours and stand and/or walk for six hours. She cannot climb ladders, ropes or scaffolds. She can frequently climb ramps or stairs. She can occasionally stoop, kneel, crouch or crawl. She can frequently have one-to-one contact with the public. She can occasionally have one-to-one contact with co-workers. She can frequently follow complex or detailed instructions and perform complex or detailed tasks. She can work in the presence of others, but should not be part of a work team or cooperative work process that requires regularly working directly with others to accomplish a task. She can be exposed to regular office lighting. She can occasionally be exposed to unprotected heights, exposed mechanical parts, and other hazards. She can also be exposed to a moderate noise environment.
>
> 6. [Step 4] The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).

7. [Step 5] The claimant was born [in 1970] and was 43 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Step 5, continued] The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. [Step 5, continued] Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled" whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 404.1569(a), 416.969 and 416.969(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 18, 2013, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

AR 17-25.

As noted, the ALJ concluded that plaintiff was "not disabled" under Sections 216(i) and 223(d) of Title II of the Act, 42 U.S.C. §§ 416(i), 423(d), and Section 1614(a)(3)(A) of Title XVI of the Act, 42 U.S.C. § 1382c(a)(3)(A).  AR 25.

## VI.  ANALYSIS

Plaintiff alleges that the ALJ erred by (1) improperly rejecting medical opinions, (2) improperly rejecting plaintiff's testimony, (3) improperly rejecting lay witness testimony, (4) failing to support the five-step finding with substantial evidence. ECF No. 14 at 4.  Because the undersigned finds that the ALJ did err by failing to properly credit plaintiff's treating physician, mental health provider Dr. Saba Rivizi, and that this error requires remand for an immediate award of benefits, only that issue is addressed below.

A. The Medical Evidence

As relevant here, the ALJ considered the medical opinions of (1) psychological consultants Kim Morris, Psy. D. and Joshua D. Schwartz, Ph.D., (2) consultative psychiatric examiner Michael Cohn, Ph.D., and (3) treating psychologist Saba Rizvi, M.D.  AR 19-22.

////

a. The Treatment and Opinion of Dr. Rizvi

Plaintiff's treating physician Dr. Saba Rizvi completed a medical statement on July 23, 2014 in which she stated that she had been treating plaintiff for major depressive disorder and post-traumatic stress disorder (PTSD) on monthly basis for about 9 months, beginning October 31, 2013.  AR 809-14.  Plaintiff's symptoms included blunted affect, feelings of guilt or worthlessness, anhedonia, appetite disturbance, decreased energy, pathological dependence, psychomotor retardation, difficulty with concentration, poor memory, generalized anxiety, sleep disturbance, somatization, perceptual distortions, and an extreme fear of taking medications to treat her depression.  AR 811.  Dr. Rizvi stated that plaintiff had a persistent sad mood, frequent crying spells, fatigue, indecisiveness, and was isolated from others.  Id.  Dr. Rizvi noted that during examinations, plaintiff displayed psychomotor slowing, difficulty expressing herself, tearfulness, limited insight, and poor judgment regarding the need to take medications, despite her chronic headaches and daily nausea.  AR 811-12.

Dr. Rizvi opined that plaintiff would be slow in a work setting due to her depression and would have a low tolerance for stress, and that she would be moderately to markedly limited (defined as frequent interference in the designated category) in her ability to understand and remember detailed instructions, perform activities within a schedule and consistently be punctual, work in coordination with or near others without being distracted by them, make simple work-related decisions, complete a work day without interruptions from psychological symptoms, perform at a consistent pace without rest periods of unreasonable length or frequency, accept instructions and respond appropriately to criticism from supervisors, respond appropriately to workplace changes, travel to unfamiliar places or use public transportation, set realistic goals, and make plans independently.  AR 812-13.  Dr. Rizvi opined that plaintiff would likely be absent from work more than 3 times each month. AR 814.

The ALJ gave Dr. Rizvi's opinion little weight, noting that though Dr. Rizvi "saw the claimant about nine times, the opinion that she has marked limitations is overly restrictive." AR 22.  The ALJ reasoned that plaintiff's "own reports and statements support a level of mental functioning that is not so limiting.  For example, she has multiple hobbies, is able to socialize, and

demonstrated no difficulty when dealing with healthcare professionals and answering questions." Id.

      b.  Consultative Examiner Opinion

Dr. Michael Cohn provided a consultative psychiatric exam on June 1, 2015. AR 988-92. Dr. Cohn was not provided any medical or psychological records for review. AR 988. Dr. Cohn noted that plaintiff stated that she suffered from depression and anxiety, but he found "no evidence of this on the mental status examination" and concluded that no diagnosis could be made. AR 991. Dr. Cohn found plaintiff unimpaired. AR 991-92. The ALJ gave Dr. Cohn's opinion little weight, finding it was "insufficiently restrictive," noting that records of plaintiff's counseling and therapy support some degree of limitation, along with the fact that plaintiff reportedly left her job due to a decline in performance and did not return to work as symptoms of anxiety and depression increased. AR 22.

      c.  Non-Examining Source Opinions

Agency consultants Dr. Kim Morris (AR 145-47) and Dr. Joshua Schwartz (AR 194-95) reviewed plaintiff's file in July and October of 2015, respectively. Each opined that plaintiff had mild psychiatric limitations at most. AR 149, 194-95. The ALJ gave little weight to these opinions "as the medical evidence of record . . . establish the existence of mental impairments." AR 19.

B.  Principles Governing the ALJ's Consideration of Medical Opinion Evidence

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.[3] Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995), as amended (Apr. 9, 1996).

> Those physicians with the most significant clinical relationship with the claimant are generally entitled to more weight than those physicians with lesser relationships. As such, the ALJ may only reject a treating or examining physician's uncontradicted medical opinion based on clear and convincing reasons. Where such an opinion is contradicted, however, it may be rejected for specific and

---

[3] There have been recent updates to the rules on medical sources; this section of the code applies to claims filed before March 27, 2017. See 20 C.F.R. § 404.1527. Plaintiff's claims were filed prior to 2017, and are therefore not impacted by the changes.

8

>legitimate reasons that are supported by substantial evidence in the record.

Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008) (internal citations omitted). "The general rule is that conflicts in the evidence are to be resolved by the Secretary and that his determination must be upheld when the evidence is susceptible to one or more rational interpretations." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).

However, when the ALJ resolves conflicts by rejecting the opinion of an examining physician in favor of the conflicting opinion of another physician (including another examining physician), he must give "specific and legitimate reasons" for doing so. Regennitter v. Comm'r of Soc. Sec. Admin., 166 F.3d 1294, 1298–99 (9th Cir. 1999) ("Even if contradicted by another doctor, the opinion of an examining doctor can be rejected only for specific and legitimate reasons that are supported by substantial evidence in the record.").

C. The ALJ Erred in Assigning Little Weight to Dr. Rizvi's Opinion

The ALJ erred in according little weight to Dr. Rizvi's opinion by simply concluding that the restrictions conflicted with plaintiff's subjective reports of hobbies, and making the generalized statement that plaintiff "demonstrated little to no difficulty when dealing with healthcare professionals and answering questions." AR 22. The ALJ failed to identify any specific and legitimate reason for not fully crediting Dr. Rizvi. "A treating physician's opinion on disability, even if controverted, can be rejected only with specific and legitimate reasons supported by substantial evidence in the record." Reddick, 157 F.3d at 725. The ALJ's two provided reasons for assigning the opinion little weight are neither specific nor legitimate.

First, the ALJ's broad conclusion that Dr. Rizvi's assessment is contradicted by plaintiff having "little to no difficulty" in answering questions and interacting with healthcare professionals is unsupported. AR 22. The ALJ does not cite to any portion of the record in support of this conclusory statement, nor does she explain how plaintiff's ability to interact appropriately with medical providers in a medical setting contradicts the limitations Dr. Rizvi assessed. This is not a valid rationale for discounting the opinion of Dr. Rizvi.

////

Second, the court disagrees that plaintiff's testimony contradicts Dr. Rizvi's opinion in any way. The ALJ's own account of plaintiff's testimony is as follows:

> Her anxiety makes being outside the house and going to places with people difficult. The anxiety can be triggered by hearing the news. She does however socialize with a neighbor and maintains friends via Facebook. A typical day consists of playing games on the computer and watching television eight hours a day. She recently started painting rocks as a hobby. She is able to help around the house when possible but certain tasks can take all day due to the need for multiple breaks. Photography is another hobby that she enjoys and had been asked to help take pictures during history tours the latest tour was in June 2017.

AR 20. At the administrative hearing, the plaintiff was asked why photography, which she does for short periods (hour and a half) on occasion, could not be done eight hours a day. AR 59-60. She responded that there is too much walking and she gets tired quickly, and she worries about getting sick while out without access to a bathroom. AR 60. Plaintiff otherwise testified that she lives at home with her retired father and her sister who is working and gone most of the time, and an average day is passed watching roughly eight hours of television, sometimes playing computer games, and sometimes painting rocks. AR 58-59. Plaintiff testified that she has a neighbor who she sees, who has been "watching me and seeing things I'm going through" like a mother figure, and otherwise she socializes using Facebook. AR 50-51. A review of plaintiff's testimony reveals nothing that contradicts Dr. Rizvi's opinion. Accordingly, the ALJ erred in rejecting Dr. Rizvi's opinion. This error was harmful because adopting the restrictions found by Dr. Rizvi would have altered plaintiff's RFC and the ultimate finding of disability.

### D. Crediting Dr. Rizvi's Opinion Necessitates Remand for an Award of Benefits

As discussed, the ALJ erred in rejecting Dr. Rizvi's opinion and that error was not harmless. Accordingly, the court is authorized "to 'revers[e] the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.'" Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1099 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004).

More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited. Benecke, 379 F.3d at 593 (citing Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000)).

Under the second step in the remand analysis, the court must "review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015), as amended (Feb. 5, 2016) (quoting Treichler, 775 F.3d at 1101). Under the third step in this analysis, the court should remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Burrell v. Colvin, 775 F.3d 1133, 1141 (9th Cir. 2014) (internal quotation marks omitted).

In this case, if Dr. Rizvi's opinions were contradicted only by non-treating sources to whom the ALJ gave little to no weight, as discussed above. Further, had Dr. Rizvi's opinion been properly credited, plaintiff would necessarily be found disabled under the applicable regulations. Dr. Rizvi opined that plaintiff would likely be absent from work more than 3 times each month. AR 814. In response to a hypothetical question, the VE testified that a person who would be absent at least two days per month would be unemployable. ECF No. 68. The VE testified that a maximum tolerance for absenteeism would be approximately 12 days per year. ECF No. 68. Because the VE's testimony makes clear that no jobs were available for plaintiff when Dr. Rizvi's opinion was credited, plaintiff is disabled under the Act.

Where the above steps are satisfied, this court must exercise its discretion in determining whether to remand for further proceedings, or for the immediate calculation and award of benefits. Dominguez, 808 F.3d at 407 (if disability finding would necessarily follow if discredited evidence were credited as true, "the district court may exercise its discretion to remand the case for an award of benefits"). If, despite satisfying the above steps, the "record as a

whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act," the court should remand for further proceedings. Burrell, 775 F.3d at 1141 (quoting Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014)). However, the court would be "abus[ing] its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that [the plaintiff] is not, in fact, disabled." Garrison, 759 F.3d at 1021.

Here, the record leaves no doubt that the plaintiff is disabled within the meaning of the Act. The VE made clear findings that work is precluded if Dr. Rizvi's limitations are credited. AR 68. Nothing in the record contradicts Dr. Rizvi's findings; in fact, the overall record supports them. Accordingly, the court finds that plaintiff is disabled within the meaning of the Act and no further fact finding is necessary.

## VII. CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 14), is GRANTED;

2. The Commissioner's cross-motion for summary judgment (ECF No. 17), is DENIED;

3. This matter is REMANDED to the Commissioner for an immediate award of benefits; and

4. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

DATED: July 20, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE